1842.

SHOTWELL
v.
SMITH.

## SHOTWELL v. SMITH.

On questions as to the appointment of receivers of mortgaged premises, the best criterion of adequacy or inadequacy of the security is the rental.

Receivers in mortgage cases are allowed with great caution ; and will be appointed only where there is a clear inadequacy of security or the rents have been expressly pledged for the debt.

1842.

*Practice.*
*Receiver.*

MOTION for a receiver in a foreclosure suit.

The mortgage was for twelve thousand dollars, secured on two houses and lots ; and the interest had been in arrear since the month of March last.

In support of the motion, the complainant showed that the mortgagor had become insolvent ; and that, if the premises were to be sold, they would not produce above nine thousand dollars or ten thousand dollars and which would be insufficient to satisfy his claim.

On the part of the defendant, it appeared (from his affidavit) that the property, with improvements, had cost him the sum of eighteen thousand dollars ; and that the yearly rents were eleven hundred dollars (being more than the annual interest.) He denied his insolvency, although he admitted that his solvency depended upon how this property turned out. The defendant also produced the affidavits of eight indifferent persons, all owners of property in the vicinity, who all concurred in saying that these two houses and lots were worth fourteen thousand dollars and that a fair rental for them would be about eleven hundred or twelve hundred dollars.

Mr. *S. H. Clapp*, in support of the motion.

Mr. *Cromwell*, contra.

THE VICE-CHANCELLOR :—This case is to be governed by the usual rule that when premises are an inadequate security and the mortgagor is insolvent, a receiver will be allowed; and if the present case rested solely on the affidavits, produced by the complainant, the court would here appoint a receiver. But opposing affidavits show also the value; and two of these are made by persons presumed to be competent judges of real estate, namely, assessors appointed to value city property for the purposes of taxation.

I consider, however, the best criterion of the value of property in the city of New York is its rental. We are not to be bound by what it would sell for. Its worth can best be known by the rent it commands from paying tenants. In this way, we can get at the value as an investment.

I am of opinion that the security held by the complainant is sufficient for the payment of his mortgage debt, without any interference with the rents through a receiver. Indeed, I consider that the court has no authority to interfere with a mortgagor's right to the rents, unless such rents, as well as the property, have been pledged as security for the debt or there is a clear want of security.

In this case, the application for a receiver must be denied.