## Case No. 9,844.

### MORRISON v. BUCKNER.

[Hempst. 442.] 1

Circuit Court, D. Arkansas. April, 1843.

MORTGAGE— BILL TO FORECLOSE AN ACTION AT LAW—RECEIVER BEFORE HEARING—DISCRETION.

1. A mortgagee may bring his ejectment and sue on the bond at law, and file his bill to foreclose in equity at the same time.

2. The general rule is, that receivers will not be appointed in mortgage cases, unless it clearly appears that the security is inadequate, or there is imminent danger of the waste, removal, or de-

---

1 [Reported by Hon. John McLean, Circuit Justice.]

1 [Reported by Samuel H. Hempstead, Esq.]

struction of the mortgage property; or that the rents and profits have been expressly pledged for the debt.

[Cited in Allen v. Dallas & W. R. Co., Case No. 221.]

[Cited in Morris v. Branchaud, 52 Wis. 191, 8 N. W. 885.]

3. The exercise of this power depends upon sound discretion, and is governed to a great extent by the circumstances of each particular case.

[Cited in Farmers' Loan & Trust Co. v. Kansas City, W. & N. W. R. Co., 53 Fed. 196.]

[This was a suit by Daniel Morrison against Simeon Buckner.]

Chester Ashley and George C. Watkins, for complainant.

Albert Pike and F. W. Trapnall, for defendant.

JOHNSON, District Judge. This is a motion by the complainant to direct the marshal or a receiver to hire out the slaves mentioned in the bill and in the mortgage, on the ground that the mortgaged property is wholly insufficient to pay the debt due the complainant. Substantially the application is for the appointment of a receiver before the hearing; and in such cases the court always reluctantly interferes, and upon some pressing necessity, which does not appear to exist on the present occasion. It seems to be well settled by the English chancery practice, that in a case like this a receiver will not be appointed. Lord Chancellor Eldon, in Berney v. Sewell, 1 Jac. & W. 647, uses the following language: "The rule about receivers is very clear; if a man has a legal mortgage, he cannot have a receiver appointed; he has nothing to do but take possession." And Chancellor Kent says, "the mortgagee may at any time enter and take possession of the land mortgaged, by ejectment or writ of entry." 4 Kent, Comm. 164. And Coote, in his treatise on Mortgages, 518, correctly asserts that a mortgagee may at the same time resort to and proceed on all his remedies at law and in equity; he may, for example, at the same moment bring his ejectment, file his bill to foreclose the mortgage, and proceed on the bond and other collateral securities. Doug. 417; 2 Ves. Sr. 678; 2 Atk. 343, 344. The English cases clearly sustain that doctrine; and to the same effect is the case of Jackson v. Hull, 10 Johns. 482. Coote, above referred to (18 Law Lib. 256), also says, that "if the mortgagee having the legal estate neglect to take the precaution of an agreement with the mortgagor for the appointment of a receiver, he cannot obtain such appointment by order of the court, but must proceed to eject the mortgagor." Now without adopting this rule to its fullest extent, it is proper to observe generally, that receivers in mortgage cases will never be appointed unless it is clearly shown that the security is inadequate, or that the rents and profits have been expressly pledged for the debt (Shotwell v. Smith, 3 Edw. Ch. 588), or that there is imminent danger of the waste, removal, or destruction of the property. There must be some very strong special reason for it. 16 Ves. 59; 1 Pow. Mortg. 295, 296, and cases there cited. The exercise of this power must depend upon sound discretion, and be governed to a great extent by the circumstances of each particular case (Verplank v. Caines, 1 Johns. Ch. 58); but I find no difficulty in saying that such an appointment should not be made where there is, as in this instance, another adequate remedy already pointed out, and where imperative reasons do not exist for this summary interference before the hearing of a cause. There is not such a showing here as would justify this sort of interference, and the motion is, therefore, denied.