ELIZA C. HOLLENBECK et al., Respondents, *v.* BARNARD DONNELL, Appellant.

The power to appoint a receiver of the rents and profits of mortgaged premises accruing pending a foreclosure was inherent in the Court of Chancery before the adoption of the Code of Procedure ; it was continued by that Code (Subd. 5, § 244), and is not abrogated by the provision of the Code of Civil Procedure (§ 713), defining cases in which receivers may be appointed; but on the contrary is reaffirmed by the general provision of said Code (§ 4), declaring that each of the courts therein named "shall continue to exercise the jurisdiction and powers now vested in it  *  *  * except as otherwise prescribed."

Where, however, it appeared that but about one-sixth of the mortgage debt was due, and that the premises were divided into two nearly equal parcels, which could be sold separately without injury to the parties interested, *held*, that assuming the appointment of a receiver of the rents and profits was proper, in the absence of a specific pledge thereof, plaintiff was not entitled to a receivership for the protection of that portion of the debt not yet due, or of that portion of the premises as to which his rights to sell had not accrued ; and so, was not entitled to a receivership of the whole, but only of one of the parcels.

*Hollenbeck* v. *Donnell* (29 Hun, 94), reversed.

(Argued December 4, 1883 ; decided January 15, 1884.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made January 9, 1883, which affirmed an order of Special Term, appointing a receiver of the rents and profits of the mortgaged premises, in an action for foreclosure.   (Reported below, 29 Hun, 94.)

The material facts are stated in the opinion.

*Franklin Pierce* for appellant. The rents and profits not having been specifically pledged in the mortgage, the order appointing the receiver was erroneous. (Code of Civil Procedure, § 713; Edwards on Receivers [ed. 1857], 18; 25 Alb. L. J. 267.) The filing of a bill in foreclosure of itself creates no lien upon the rents and profits. (*Lofsky* v. *Maujer*, 3 Sandf. Ch. 69; Jones on Mortgages, § 667; *Post* v. *Dorr*, 4 Edw. Ch. 412; *Syracuse City B'k* v. *Talman*, 31 Barb. 203, 204; *Wagner* v. *Stone*, 36 Mich. 367; *Hazeltine* v. *Granger*, 44 id. 503; *Kidd* v. *Teeple*, 22 Cal. 255; *Seckler* v. *Delfs*, 25 Kans. 159–165; Civil Code, §§ 2923–2926; *Guy* v. *Ide*, 6 Cal. 99; *Phœnix Mut. Life Ins. Co.* v. *Grant*, 3 McArthur, 220; *McMillan* v. *Richards*, 9 Cal. 410; *Dewey* v. *Lasion*, 6 id. 609; *Tagarty* v. *Sawyer*, 17 id. 589; *Chick* v. *Willets*, 2 Kans. 319; *Goodnow* v. *Ewer*, 16 Cal. 467; *Vason* v. *Ball et al.*, 56 Ga. 270; *Best* v. *Schernmier*, 2 Halst. Ch. 154, 155; Jones on Mortgages, § 772; Taylor's Landlord and Tenant, § 154; 2 Blackstone's Com., § 41; 2 Kent's Com., § 469; Benjamin on Sales [3d Am. ed. Bennett], §§ 115–133; 1 Schouler on Personal Property, 125, 126; Bingham on Sales of Real Prop. 180, 181; *Buckmaster* v. *Smith*, 22 Vt. 203; *Allen* v. *Delano*, 55 Me. 113; Thomas on Mortgages, 34; *Morford* v. *Hamner*, 59 Tenn. 391; 4 Johns. Ch. 537; *E. R. R. Co.* v. *Ramsey*, 45 N. Y. 637–645.) Courts of equity never attempt to correct permissive waste by injunction or receivership. (4 Kent's Com. 162; *Gardner* v. *Heartt*, 3 Denio, 232.) Receivers are appointed against the holder of the legal title with great reluctance. (19 Iowa, 186; *Cipp* v. *Hanna*, 2 Bland [Md.], 26; *Guernsey* v. *Powers*, 9 Hun, 78; 2 Bliss's Annotated Code, 6.) The remedy of a receiver bears the same relation to courts of equity that proceedings in attachment bear to courts of law. (*C. S. & C. R. R. Co.* v. *Sloan*, 31 Ohio, 1; *Branton* v. *Griffiths*, 2 C. P. Div. 212.) The appointment of a receiver of the entire mortgaged premises when only an installment of the mortgage debt was due, and that before judgment of foreclosure, and without a particle of evidence before the court that the premises could not be sold in parcels to pay the mort-

gage debt, is without a precedent in the judicial history of this country. (2 Jones on Mortgages, § 618, p. 544, notes, 7, 8; *Campbell* v. *Macomb*, 4 Johns. Ch. 533; Edwards on Receivers, 60; Jones on Mortgages, § 772; *Quincy* v. *Cheesman*, 4 Sandf. Ch. 405; *Morris* v. *Blanchard*, 52 Wis. 187; *B'k of Ogdensburg* v. *Arnold*, 5 Paige, 40, 41.)

*F. A. Lyman* for respondents. The order appointing the receiver was a discretionary order, and the court at Special Term, and again at General Term having exercised their discretion, the order is not appealable to this court. (*Livermore* v. *Bainbridge*, 56 N. Y. 73; *Platt* v. *Platt*, 66 id. 360; *Emmory* v. *Foster*, 78 id. 624; *Roder* v. *Bagley*, 84 id. 461; *Fellows* v. *Heermans*, 13 Abb. [N. S.] 1.) A plaintiff is entitled to a receiver of the rents and profits of the premises in a foreclosure suit, where it appears, first, that the property is an inadequate security for the payment of the debt with interest and costs; and second, that the party who is presumably liable for the mortgage debt is irresponsible, or that no bond or personal security was given or exists. (High on Receivers, § 666; Thomas on Mortgages, 301; Jones on Mortgages, §§ 1521, 1530; 1 Barb. Eq. Pr. 660; 1 Van Santford's Eq. Pr. 391; *Wall St. F. Ins. Co.* v. *Law*, 20 How. 95; *Syracuse City B'k* v. *Tallman*, 31 Barb. 201; *Shortwell* v. *Smith*, 3 Edw. 588; *B'k of Ogdensburg* v. *Arnold*, 5 Paige, 38; *Quincy* v. *Cheesman*, 4 Sandf. 405; *Sea Isle Co.* v. *Stebbins*, 8 Paige, 565; *Howell* v. *Ripley*, 10 id. 43; *Astor* v. *Turner*, 12 id. 436.) The law in relation to the appointment of receivers in foreclosure cases has not been abolished by the Code. (Code of Civil Procedure, § 713, Throop's note, subd. 1; *Ruder* v. *Bagley*, 64 N. Y. 465; *Lofsky* v. *Manger*, 3 Sandf. 69; *Hubbell* v. *Maultran*, 53 N. Y. 227; Code of Civil Procedure, § 4; *Mayes* v. *Davis*, 8 Weekly Dig. 381; *Ranny* v. *Payser*, 83 N. Y. 1, 6, 7; *Smith* v. *Tiffany*, 13 Hun, 671; *Nellis* v. *Bussing*, 10 Weekly Dig. 289; 18 N. Y. 575.) All that was necessary for the plaintiff to show is, that there was

such a default as entitled him to commence an action to foreclose the mortgage.   (2 Jones on Mortgages, § 1530.)

RAPALLO, J.   The Court of Chancery exercised the power of appointing a receiver of the rents and profits of mortgaged premises, when they were an insufficient security and there was no adequate remedy upon the bond, long after the passage of the act of 1828, which provided that no action of ejectment should thereafter be maintained by a mortgagee, for the possession of the mortgaged premises.  The point is now urged in the able and exhaustive brief of the counsel for the appellant, that under that statute and the decisions of the courts defining the respective rights of the mortgagor and mortgagee of real estate, the mortgagee has no title to, or lien upon, the rents and profits, unless specially pledged, until after foreclosure and sale.  This, however, was not considered by the Court of Chancery in this State a good ground for refusing to the mortgagee the remedy of a receivership in proper cases ; and notwithstanding the change in the law of mortgages, the remedy by receivership was continued as before.  (*Post* v. *Dorr*, 4 Edw. Ch. 412.)  The Code of 1848 expressly authorized receiverships in certain specified cases, by section 244, and to these, subdivision 5 of that section added, " In such other cases as are now provided by law or may be in accordance with the existing practice, except as otherwise provided in this act."   Under this general provision the power of appointing receivers in mortgage cases, continued to be exercised.   It is now contended that this power was abrogated by the Code of Civil Procedure, for the reason that section 713 of that code purports to define the cases in which receivers may be appointed ; and it is claimed that it contains no provision applicable to mortgage cases like the present one, where the rents are not specifically pledged.   It is argued that subdivision 1 of section 713 is not sufficient to cover the case, because it authorizes a receivership of the property, which is the subject of the action, only " on the application of a party who establishes *an apparent right to, or interest in*, the property, which is in the possession of an adverse party, and there is

danger that it will be removed beyond the jurisdiction of the court, or lost, materially injured, or destroyed;" that under the present law of mortgages the mortgagee having no right to, or interest in, the rents, etc., until after foreclosure and sale, cannot claim the benefit of this section; that subdivision 5 of section 244 of the Code of Procedure is not re-enacted, and, consequently, the power of the court to appoint a receiver in mortgage cases, as formerly exercised, no longer exists, and the former practice in that respect is no longer sanctioned.

We do not think that it was the intention of the Code of Civil Procedure to make this change in the law, or to abolish this power or practice. The language of section 713 is not prohibitory nor exclusive, but permissive and declaratory, and although it does not in terms re-enact subdivision 5 of section 244, an analogous provision is substantially included in the general terms of section 4 of the Code of Civil Procedure, which provides that each of the courts therein mentioned, including the Supreme Court, "shall continue to exercise the jurisdiction and powers now vested in it by law, according to the course and practice of the court, except as otherwise prescribed in this act." The power to appoint receivers in mortgage cases was inherent in the Court of Chancery before the Code of 1848. It was continued by that code under subdivision 5 of section 244, and it is again reaffirmed by the general provision of section 4 of the Code of Civil Procedure, there being nothing to the contrary in that code. It is not necessary, therefore, to examine critically the provisions of subdivision 1 of section 713, or to discuss the question whether the mortgagee has such an interest in the mortgaged premises, or the rents thereof, as would entitle him, in equity, to a receivership under that section. The codifiers evidently thought that he did, as is shown by Mr. Throop's note to the section; but it is needless to follow the learned counsel for the appellant in his elaborate discussion of that question.

In England, and in some of the States of the Union, the right of a mortgagee to a receivership of the rents and

profits of the mortgaged premises has sometimes been placed upon the ground of his legal right to the possession of the premises, and consequently to the rents thereof. But in this State it has been placed upon a different ground, and maintained long after any legal estate in the mortgagee ceased to be recognized. The legal right to the rents, as well as to the possession, continues in the mortgagor until foreclosure and sale, as it does in a vendor until conveyance. But when default has been made in the condition of the mortgage, the mortgagee at once becomes entitled to a foreclosure of the mortgage and a sale of the mortgaged premises. This process requires time, and on general principles of equity, the court may make the decree, when obtained, relate back to the time of the commencement of the action, and where necessary for the security of the mortgage debt, may appoint a receiver of the rents and profits accruing in the mean time, thus anticipating the decree and sale. (*Bank of Ogdensburgh* v. *Arnold*, 5 Paige, 40.) There can be no doubt, that in a proper case where a bill was filed for the specific performance of a contract to convey land, the court might appoint a receiver of the rents accruing during the pendency of the action, for equity treats that as done which ought to be done, and, therefore, considers a conveyance as made at the time when it ought to have been made, and the rents as belonging in equity, to the vendee from the time when he became entitled to the conveyance. On the same principle it may deem the foreclosure of a mortgage completed as of the time when the mortgagee becomes entitled to it. Pursuing the reasoning of the chancellor in *Bank of Ogdensburgh* v. *Arnold (supra)*, Vice-Chancellor SANDFORD held in *Lofsky* v. *Maujer* (3 Sandf. Ch. 69), that when the mortgage debt was due and the security was inadequate, the mortgagee, on filing his bill of foreclosure, obtained an equitable lien on the rents, and he further held in *Quincy* v. *Cheeseman* (4 Sandf. Ch. 405), that where part only of the debt was due, and the premises were indivisible, or so circumstanced that they must inevitably be sold in one parcel, a receiver of the whole might be appointed, because the mortgagee was by force of the statute entitled to a foreclosure and sale of the property for the pay-

ment of the whole debt, and that this right gave him an equitable claim to the rents on the filing of the bill.

These decisions authorized the framers of the Code to assume that section 713 was sufficient to cover mortgage cases, and it is stated in the note to that section that the words " or interest in " the property (including rents and profits of land) were inserted for the express purpose of covering receiverships in mortgage cases, so that it should not be necessary to establish an *apparent right* to such rents. If there was an equitable lien upon, or claim to such rents, section 713 covers them, and there would certainly be danger of their being lost to the mortgagee, if they went into the hands of an insolvent mortgagor.

This case, as stated in the moving papers, presented strong equities in favor of giving to the mortgagee all the remedies which it was in the power of the court to afford him. The mortgage was given to secure the entire purchase-money of the mortgaged premises ($3,000). The mortgagor paid nothing, and gave no bond or obligation by which he became personally liable for the purchase-money. The mortgagee had nothing to look to but the mortgaged premises. The mortgagor had, at the time of the commencement of the action, been nearly six years in possession of the premises, and had paid on the mortgage only about $50 of principal and no interest since May, 1881. In the mean time the barns on the premises had been destroyed by fire, and the mortgagor had received the proceeds of the insurance thereon. The value of the premises had been so far impaired that they had ceased to be an adequate security for the amount unpaid upon the mortgage. A strong case was, therefore, presented for the appointment of a receiver. But a difficulty stands in the way of a receivership of the whole of the mortgaged premises, and the objection is insisted upon by the appellant. It appears that the whole amount of the mortgage was not due, and the moving papers fail to show that the premises were so circumstanced that the plaintiff was entitled to have the whole sold as one parcel. The mortgage was dated July 10, 1875, to secure $3,000, and annual interest, the principal being payable, $100

on the 1st of May, 1881, and $300 each year thereafter. The action was commenced about May, 1882, the amount then due upon the mortgage being only $570.72, as alleged in the complaint. The plaintiff was consequently entitled to a sale only of so much of the mortgaged premises as should be sufficient to pay the amount then due. It appears that the premises consisted of a farm, which was divided by a road into two parcels which were not far from equal, and the papers show that these parcels could have been sold separately, without injury to the parties interested ; consequently the plaintiff was entitled to a decree for the sale of only one of these parcels. Assuming that, upon the principles before adverted to, the court might have anticipated the decree by appointing a receiver of the rents of one of these parcels, pending the action, we find no warrant for a receivership of the whole. No right to sell both had accrued, and there was no pledge or specific lien by which the accruing rents of that portion of the mortgaged premises which was not liable to be sold were constituted a security to the plaintiff for that portion of the mortgage which was not yet due. He, having omitted to take a pledge of the rents and profits of the whole premises, to keep down the accruing interest and instalments, was not entitled to a receivership for the protection of that portion of the mortgage debt which was not yet due, or of that portion of the premises as to which his right to sell had not yet accrued. (*Bank of Ogdensburgh* v. *Arnold, supra ; Quincy* v. *Cheeseman, supra.*)

On this ground the order must be reversed. We have not considered the judgment entered in this action on the 26th of August, 1882, a certified copy of which has been presented to this court, said judgment not having been in existence at the time of the motion and order for a receivership, and not having been before the General Term on the appeal from that order.

Under the circumstances of the case, the order appealed from should be reversed, without costs.

All concur.

Order reversed.