United States Trust Co. of New York agt. N. Y., W. S. and B. R. Co.

## SUPREME COURT.

UNITED STATES TRUST COMPANY OF NEW YORK agt. THE
NEW YORK, WEST SHORE AND BUFFALO RAILWAY COMPANY
and ASHBEL GREENE, receiver, &c.

*Receiver — Of corporation — Application for, how and when to be made — By whom — Laws of 1883, chapter 378 — Code of Civil Procedure, section 769, 1810.*

In an action brought by plaintiff to foreclose a mortgage executed by the railway company to secure the issue of certain bonds, said railway extended in part through the county of Orange, which county was accordingly designated as the place of trial in the action, and a motion was made at a special term, held in that county, for the appointment of receivers of the property of the railway company, and such receivers were appointed. On motion made in the first judicial district by C. and S., owners of bonds issued by the railway company to vacate the order appointing said receivers and for the appointment of others:

*Held, first,* that the application for the appointment of receivers of this corporation is included within section 1 of chapter 378 of Laws of 1883, and should have been made in the county of New York where the principal business office of the corporation was located at the commencement of the action, or in an adjoining county, and the order made in Orange county was without jurisdiction and void.

*Second.* That the present application is properly made by and on behalf of two of the persons holding and owning bonds of the railway company secured by the mortgage.

*Third.* That the application now made for the appointment of one or more receivers of the railway company is regularly made in the first judicial district, and the order in form providing for that appointment, made in Orange county, presents no legal obstacle in the way of the exercise of this authority.

*Fourth.* As the order for the appointment of receivers was made without authority in the court to which the application for it was directed, and as it resulted from the application of the plaintiff itself, and it still asserts and maintains the regularity of the proceeding, a case seems to be made out by the facts authorizing the owners and holders of the bonds secured by the mortgage and affected by the order, to apply to the court for such redress and protection as the circumstances and the law applicable to them require in the case.

*New York Chambers, August,* 1884.

United States Trust Co. of New York agt. N. Y., W. S. and B. R. Co.

Motion on behalf of Warren Currier and James F. Sutton, owners of bonds issued by the railway company, and Denis O'Brien, attorney general, to vacate an order appointing Theodore Houston and Horace Russell receivers of the railway company, and for the appointment of one or more receivers.

*Frederick R. Coudert, William L. Turner, John L. Hill* and *William H. Poste,* deputy attorney general, for the motion.

*Stewart & Boardman, P. B. McLennan* and *C. B. Alexander,* opposed.

Daniels, *J.* — The action has been brought to foreclose a mortgage executed and delivered by the railway company to the United States Trust Company of the city of New York to secure the issue of bonds to an amount not exceeding the sum, in the aggregate, of fifty millions of dollars. By the mortgage, all the property at the time when it was given owned by the railway company, and which should afterwards be acquired by it, together with its corporate franchises of every name and nature, relating to its railway, including the franchise to operate it, were mortgaged as security for the payment of the bonds. It was alleged that the railway company had failed to perform certain of the stipulations, or covenants, contained in the mortgage, and that the right to foreclose it had consequently accrued to the plaintiff. And these allegations have not been denied by the railway company.

The railway in part extended through the county of Orange, and that county was accordingly designated as the place of trial in the action, and it was at a special term of this court, held in that county, that a motion was made for the appointment of receivers of the property of the railway company. Upon that motion, which was not opposed, and the attention of the court was not specially directed to its authority in the case, receivers of all the property and franchises of the railway company were appointed, with the ordinary and usual powers

and authority vested in receivers in such cases. This order is assailed in this proceeding as having been made without jurisdiction in the court under whose authority it was directed and entered, and it is for that reason that this application has been made to vacate, annul or disregard the order and appoint one or more receivers of the property of the railway company. The attorney general became a party to the application, under the authority of section 7 of chapter 378 of the Laws of 1883. His right to do so has been resisted by the counsel representing the plaintiff, the persons appointed receivers and the defendant, upon the ground that the proceeding was not taken against the defendant as an insolvent corporation, although it is shown to have been insolvent as a matter of fact. It probably will not become necessary to determine whether this objection is well founded or not, for the reason that if the attorney-general had no authority to intervene under this or any other provision of the statutes, the application has been properly made by and on behalf of two of the persons holding and owning bonds of the railway company secured by the mortgage. Their interests require that they should be protected by proceedings legally sustained, in order to subserve and promote the proper administration and disposition of the property of the corporation, and if the persons named in the order, to which reference has been made, were not legally appointed receivers of the railway company, they have a just ground of complaint; for the administration of such persons, if they have no lawful authority, may be injurious or prejudicial to the interests of the persons holding the bonds of the corporation, and when a party in interest, although not a party to the action, may be injuriously affected by an unlawful proceeding in the suit, he may apply to the court for that degree of protection which his interests require should be extended to him (*Gould* agt. *Mortimer*, 26 *How.*, 167).

In a case of this description, the trustee in the mortgage represents the owners and holders of the bonds, and must usually be the party in whose name and by whom legal pro-

ceedings for their protection and collection should be carried on, but when the trustee, even without any sinister motive, may become a party to an unlawful proceeding injurious to the rights of the beneficiaries, the latter are empowered to take such action for their own vindication as the necessities of the case may seem to require. When the trustee has committed itself, as it did in the present instance, to a proceeding alleged to have been unlawful and unauthorized, and continues to assert its legal validity, there, if it really be unlawful, a case apparently arises which will justify the intervention in their own behalf of the persons entitled to the benefit and protection of the trust. For this purpose it is not requisite that the trustee should be actuated by any improper motive or controlled by any injurious influence, but it is sufficient that it has identified itself with an unlawful proceeding of which the beneficiaries have a just right to complain, to entitle them to apply in their own behalf to the court for that degree of protection which their legal or equitable interests appear to require. This subject was considered in *Weetjen* agt. *Vibbard* (5 *Hun*, 265), and it was there held that active participation even in a wrong is not required to make a trustee a party to it, but silent connivance will be sufficient for the purpose, when it may be observed to afford the means of rendering the misconduct of others successful (*Id.*, 267). When that may be the fact, and the trustee continues to endeavor to maintain it, there a necessity arises for the beneficiaries themselves to apply in their own behalf for the proper redress which may be afforded by the law.

This general subject was considered in *Brinckerhoff* agt. *Bostwick* (88 *N. Y.*, 52) where it was held that if a corporation itself refused to prosecute, " or if it still remained under the control of the very directors against whom the action should be brought, the stockholders would have a standing in a court of equity to sue in their own names, making the corporation a party defendant " (*Id.*, 56). And the same principle is maintained by *Hawes* agt. *Oakland* (104 *U. S.*,

450). If, therefore, the order for the appointment of receivers was made without authority in the court to which the application for it was directed, as it resulted from the action of the plaintiff itself, and it still asserts and maintains the regularity of the proceeding, a case seems to be made out by the facts authorizing the owners and holders of the bonds secured by the mortgage and affected by the order to apply to the court for such redress and protection as the circumstances and the law applicable to them require in the case. It has been further objected that if the motion could be regularly made by or on behalf of these parties, that it should be made within the district in which the action itself is triable, or in an adjoining county, as that is in terms directed by section 769 of the Code of Civil Procedure ; and if the application was controlled by this section the objection would certainly be well founded. But this has been answered by the fact that the principal business office of the railway company was located at the time of the commencement of the action, in the city of New York, and that under section 1 of chapter 378 of the Laws of 1883, the motion could be regularly made there. If this section is applicable to the case, then the motion has been properly made in the first judicial district, for in the class of cases included in the section it has modified, and to that extent superseded, the direction contained in section 769 of the Code. Whether the motion has been regularly brought on in the first judicial district must therefore depend upon what is to be considered the true construction of this section of the act of 1883, and that will more appropriately be considered after disposing of another point presented by way of answer to the motion.

If the order was made by a court having no jurisdiction over the subject contained in it, then it is absolutely inoperative and void, and it may be either vacated or disregarded in any other legal proceeding regularly taken in the action. This subject was considered in *Kamp* agt. *Kamp* (59 *N. Y.*, 212), where it was held that when the court is entirely without jurisdiction, "the whole proceeding, including the order or

judgment, is *coram non judice* and void. One is not bound to appeal from a void order or judgment, but may resist it, and assert its invalidity at all times " (*Id.*, 215 ; *Hall* agt. *U. S. Reflector Co.*, 31 *Hun*, 609, 611).

If, therefore, this order was made without jurisdiction, and the plaintiff insists, as it does, upon its validity, the applicants have the right to apply, as they have, for the appointment of one or more receivers, notwithstanding the making of the order; and as incidental to and forming part of the application it may be determined, if that is its character, that the order in controversy is void for want of jurisdiction in the tribunal making it. The point is accordingly presented whether the order must be so regarded, and that presents for consideration the construction which should be given to chapter 378 of the Laws of 1883. If by this act the application for the appointment of receivers should be made in the judicial district in which the principal business office of the railway company was located at the commencement of the action, or in an adjoining county, then this order was made without jurisdiction and it is void, for Orange county, where the order was made, is not an adjoining county of the county of New York, in which the principal business office of the railway company has been located. That is the clear effect of the concluding part of section 1 of this act. This section is exceedingly broad and general in its terms, as much so, probably, as language was capable of making it. It has been enacted in the following terms:

" Every application hereafter made for the appointment of a receiver of a corporation shall be made at a special term of the court held in and for the judicial district in which the principal business office of the corporation was located at the commencement of the action wherein such receiver is appointed or in and for a county adjoining such district; and any order appointing a receiver, otherwise made, shall be void."

And it was in express language directed to include every application for the appointment of a receiver of a corpora-

tion, made after its enactment. This broad language is to be applied and enforced according to the usual understanding and import of the terms made use of, and as they have been subjected to no exception whatever, the court cannot add an exception without usurping the province of the legislature, over which it has no control. Neither can the construction and effect of the terms be limited or restricted by any supposed policy not indicated in the act itself. What the court is required to do, with this as well as other statutes, is to ascertain from the language employed the intention of the legislature, and, when that is ascertained, to carry it into effect, as it may be expressed or indicated by the law. In this instance the legislature have declared the intention to be to include every application, after the passage of the act, made for the appointment of a receiver of a corporation. And this language is so broad and general as to include an application for the appointment of a receiver in an action for the foreclosure of a mortgage of this description. The power to appoint such a receiver has been expressly given by section 1810 of the Code of Civil Procedure, and without that it was within the acknowledged jurisdiction of this court, as a court of equity (*Hollenbeck* agt. *Donnell*, 94 *N. Y.*, 342).

But by this section of the Code the receiver has been designated as "a receiver of the property of a corporation," and this phraseology has been relied upon as distinguishing the case of such a receiver from "a receiver of a corporation," as the words have been made use of in the act of 1883. But that these are convertible terms, and have been intentionally used as such and require practically the same construction, appears from other provisions contained in the Code of Civil Procedure. For by sections 1784 and 1785, actions have been provided, first, in favor of judgment creditors for sequestrating the property of a corporation and providing for the distribution thereof, and, secondly, for the dissolution of a corporation because of its insolvency, or the suspension of its ordinary and lawful business, or its neglect or refusal for

one year to discharge its notes or other evidences of debt. And by section 1788 it has been provided that receivers in such actions may be appointed, and the judgment in both classes of cases — when the actions may proceed so far — are practically the same, and must provide for a just and fair distribution of the property of the corporation and the proceeds thereof among its fair and honest creditors (*Code of Civil Pro.*, sec. 1793). Such receivers as these would very clearly be receivers of the corporation itself, although designated "receivers of the property of the corporation" by section 1788, and they are plainly intended to be within that part of the act of 1883 as follows its fifth section. A like receivership has also been provided in proceedings for the voluntary dissolution of a corporation, and when appointed the officer has been designated as a receiver of its property (*Code, sec.* 2429).

The language of section 1810 was therefore not selected as being peculiarly appropriate to a receiver appointed in an action for the foreclosure of a mortgage, but as properly descriptive of an officer who should be authorized to take charge of the property of the corporation. If it had been intended by these terms to distinguish such a receiver from a receiver appointed in an action for the dissolution of a corporation or a sequestration of its property under the other provisions of the Code, the same phraseology would not there have been made use of, but language would have been employed which would have distinguished one class of receivers from the other. That was not done; but the phraseology is identical, which is applicable to all classes of corporate receivers provided for by the Code, and they are in general terms designated to be receivers of the property of the corporation, and as usually understood and construed these terms are the mere equivalent of the language employed in the enactment of section 1 of the act of 1883. For when a receiver may be appointed under the authority of this section he will take, by virtue of his appointment, no more than he could under either of the pro-

visions of the Code of Procedure, or than were in terms declared to be vested in the receivers by the order in this action.    The object as well as the authority of the receiver of a corporation or of a receiver of the property of a corporation are precisely the same, for the corporation can have no more that can be placed in the custody or under the control of the receiver, than its property, effects and franchises as they have been included in this order.    Whether, therefore, the law designates the receiver to be a receiver of the property of a corporation, or a receiver of a corporation, as the language has been used in the act of 1883, the effect is precisely the same, and no tangible ground exists for distinguishing the language employed in this statute from that made use of in the Code of Civil Procedure, and no exception is therefore permitted by the act of 1883 from the generality of its provisions, by reason of the circumstance that the receiver in an action of this nature has been designated by the Code as a receiver of the property of the corporation.    No restraint or limitation on account of this mere difference of expression can be imposed upon the very comprehensive language of the first section of the act of 1883, but it must be read as it has been expressed by the legislature, to include every application made after its passage for the appointment of a receiver of a corporation, or of the property of a corporation, which, in legal effect as well as popular understanding, would be the same thing.

If this receivership should be excluded from section 1 of the act of 1883, because of this difference of expression, all receivers of corporations should to whom it has been applied in the Code, for all are described and designated in the same language.    And that would completely nullify this part of that act, and wholly defeat the purpose of the legislature in enacting it.    It would leave nothing whatever for it to operate upon.    And that courts are not at liberty to do.

It has been urged that the case of *Whitney* agt. *New York and Atlantic Railroad Company* (32 *Hun*, 154) is at variance with this construction, but in that case the effect of section 8

of chapter 378 of the Laws of 1883 was alone before the court for its consideration, and the terms of that section were then deemed to be inapplicable to a motion for the appointment of a receiver of a corporation in an action for the foreclosure of its mortgage. That construction was deemed proper for the reason that the section itself was framed in such a manner as to include within its language only proceedings for the dissolution of a corporation or the distribution of its assets, and as the proceeding in this action is controlled by section 1 of the act, which contains no such qualification, but is more general in its language, this decision is inapplicable to the present motion.

The sections following section 5 of the act refer in terms to insolvent corporations, but they contain nothing evincing it to be designed by the legislature that the broad language of section 1, and of the others immediately following it, should be subordinated to this restriction. The nature and object of these parts of the act seem to have been intended to be different, for by the provisions contained in the first and the three succeeding sections, all receiverships of corporations have, in express language been included, while the provisions made by section 6, and those succeeding it to the eleventh section of the act, have been specially framed to meet the cases of insolvent corporations and to direct what should be the practice in that class of cases. These sections contain no language or intimation restricting the terms or effect of the preceding sections of the act to the same class of corporations, the former providing for receivers of all corporations, and the latter regulating the course of practice to be observed in proceedings taken for the dissolution or distribution of the assets of a corporation. Why this distinction has been made is not explained by any language contained in the act, but that it was intended by the legislature is evident from the very general language of the earlier sections, which have in no manner been qualified or subordinated to the provisions contained in the later sections of the act.

As the application for the appointment of a receiver of the railway company is included within section 1 of the act of 1883, and by it was required to be made in the county of New York, or in an adjoining county, and the order in question was not so made, it is, within the very language of the act, a void order, and cannot stand in the way, therefore, of the success of the present application, even though it may not be in terms proper to formally direct that it should be vacated. It was made without the authority of law, not designedly, of course, but the general language of this section of the act of 1883 was inadvertently overlooked. It is remarkable that such an oversight should have arisen in the proceeding, as it is obvious that the order which was directed and entered conforms in one of its directions to what has been required by section 3 of this act of 1883. It is probable that this oversight arose out of the fact that the proceeding was not a contested one, but the application made by the plaintiff was acquiesced in by the railway company. But such acquiescence could not confer this authority upon the court, when by this act it had been prohibited from exercising it.

The decisions made in *Wilkinson* agt. *North River Construction Company*, and *Phœnix Foundry and Machine Company* agt. *The Same*, and *Woerishoffer* agt. *The Same*, in no manner conflict with the construction here given to the act of 1883, for no different construction of the portions of the act applicable to this proceeding was in any form intimated in either of those decisions. It is also probably needless to add that the case of *Atrill* agt. *Rockaway Beach Improvement Company* (25 *Hun*, 376), can have no effect upon the determination of this application, for that decision depended upon the effect to be given to section 769 of the Code, unqualified and unaffected by the act of 1883, or any similar act.

From these considerations, it follows that the application now made for the appointment of one or more receivers of the railway company has been regularly made in the first judicial district, and that the order in form providing for that

United States Trust Co. of New York agt. N. Y., W. S. and B. R. Co.

appointment, made in Orange county, presents no legal obstacle in the way of the exercise of this authority. One of the persons who was designated in the order, has not been seriously objected to, and from the known character, standing and position of judge RUSSELL, it is very certain that no well founded objection to his capacity or qualifications for the office of receiver could be made. He has entered upon the discharge of the duties of that office under this void order, and so far has acquainted himself with the affairs and business of the railway company, and there seems, therefore, to be good reason justifying his continuance in that position by a lawful appointment, which may be made under the provisions of this act. To discontinue or supersede his employment in this manner would be of no benefit or advantage to either of the bondholders or the parties to the action, but it would cause disturbance, interruption and embarrassment in the management of the affairs, and the transaction of the business of the railway company, and ought not to be permitted. As the result of a careful consideration of all that has been said by counsel, and stated in the affidavits brought to the attention of the court, judge RUSSELL should be continued in this office by the order to be made upon this application, and upon the like security as was required in his behalf by Mr. justice BROWN, who presided in the court in Orange county. As to the other person designated in the order, now considered inoperative, a serious opposition has been made. It is not necessary, for the purpose of rendering it successful, that the allegations made against him should be found to be well founded in fact, for no person should be appointed to such a position whose administration may not receive the confidence of the parties to be affected by it. What has been alleged against him may be entirely without foundation, as it was said to be by Mr. justice BARNARD in *Currier agt. New York, West Shore and Buffalo Railway Company*, and while the objections made, for that reason, would form no good ground for his removal, they might well be entitled still to the effect

of preventing his appointment. That, however, it is not necessary now to decide, for as to the additional receiver, who is to be the associate of judge RUSSELL, the consideration of the case will be deferred until the bondholders and the parties can be more fully heard upon this subject.

The circumstance of an order having been made by the circuit court of the United States in the district of New Jersey, of a similar import and effect to that made in Orange county, has not been deemed important in this case, for that order proceeded no further than to invest these persons with authority over so much of the railway property as was situated in the state of New Jersey, and as it followed the order which has been considered to have been unauthorized, it could add nothing whatever to the validity of that order.

The disposition already indicated should be made of this application, and it may be proper to add, in conclusion, that in the diversity of the laws enacted to affect the appointment of receivers of corporations, and the frequent changes made by the legislature in their provisions, any one of the justices of this court would have been equally as liable to act under a misapprehension of the state of the law, as did Mr. justice BROWN at the time when the proceeding was brought before him; and as it was not contested, would have been equally disposed to have acquiesced in the assumed regularity of what the parties to the action both consented should be done. Still, that will not sustain the proceeding, but an order must be made, as already suggested, for the appointment of receivers of this corporation, to carry into effect the provisions of the mortgage, as well as the authority which the law has vested in the court over the subject.