Truax, J.
This court decided in MacKellar v. Eogers, 52 Super. Ct. 360, that the parties to a mortgage like this had made the rents of the premises a part of the security for the payment of the amount of the bond and its interest, and that therefore the mortgagee was entitled under the provisions of the mortgage to apply to the court for the appointment of a receiver. This now seems to be sustained by the intimation of the court of appeals in the case of Hollenbeck v. Donnell, 94 N. Y. 342 (see page 349), where a reference is made to the *376 fact that the plaintiff in that action had omitted to take a pledge of the rents and profits of the whole premises in order to keep down the accruing interest and instalments, and therefore was not entitled to a receivership for the protection of that portion of the mortgage debt which was not yet due, or that portion of the premises as to which his right to sell had not yet accrued.
Isaac L. Egbert, for appellant:
I. Code Civil Procedure, § 713, limits the power of appointment of receivers to those cases where the party applying establishes an interest in the rents and profits, and shows that “ that there is danger that it (the rents, etc.) will be removed beyond the jurisdiction of the court, or lost, materially injured or destroyed.” 1. To establish an interest in the rents it Avas necessary to show, in addition to the covenant contained in the mortgage, that respondent was entitled to have the rents applied towards payment of the mortgage debt because the mortgaged premises were a-n insufficient security, and the mortgagor was insolvent. 2. Conceding that the covenant for a receiver was sufficient to show such interest, the respondent was bound to show that such rents were in danger of being lost. These requirements the respondent failed to meet, while it did appear on the part of the appellant that the premises are an adequate security, that the appellant offered to furnish any additional security required by the court to account for the *377 rents, thus placing the rents out of all conceivable peril or danger of being lost. Code Civ. Proc., § 713; Hallenbeck v. Donnell, 94 N. Y. 342; Sea Ins. Co. v. Stebbins, 8 Paige 568.
*376 But there is another reason why the court should award to the plaintiff the right which was provided for by the contract of the parties. The plaintiff shows that the defendant has not paid the insurance and the taxes, and that in order to maintain and protect her rights it was necessary and will be necessary for the plaintiff to advance money to maintain the insurance and to pay the taxes. This the plaintiff should not be required to do at her own expense. If it is to be done at all it should be done at the expense of the defendants.
*377 II. No semblance of- equity existed in favor of the application of the plaintiff in view of the following authorities: Hallenbeck v. Donnell, supra; Sea Ins. Co. v. Stebbins, supra; Burlingame v. Parce, 12 Hun 148; 31 Barb. 201; 1 Ib. 306, 4 Paige 204; 7 Ib. 38; Ib. 309 ; 8 Ib. 436; 11 Ib. 436 ; 3 Edw. Ch. 588. In point of fact the applicant made no appeal to the equity powers of the court, which powers should have been invoked to authorize the order granted. The poAver to appoint such receiver is principally derived from the practice of the court of chancery, and the true rule is to be sought for in equity. Hallenbeck v. Donnell, supra. The rule that must be observed to invoke the equity powers of the court is: 1. It must affirmatively appear that the mortgage security is inadequate; 2. It must also appear that there is no one personally liable for the debt, or that the person so liable is insolvent. (Cases cited above.) The contention of the respondent-in the present case is that the clause in the bond known to conveyancers and to the court as the “Receiver Clause,” takes this application outside of the equity rule above quoted and' presents a contract specifically charging the rents and profits Avith the lien of the mortgage debt so as to entitle her to the appointment of a receiver, although no equities are shown. MacKellar v. Rogers, 52 Super. Ct. 360, is cited as an authority for such contention. A careful examination of the record in that case, however, fails to discover that any facts tending to show the existence of equitable grounds of objection to the granting of the application' were presented or suggested. The vieAV which the court of appeals has taken of the remedy of receivership in mortgage cases (94 N. Y. 342) renders the receiver clause, contained in bonds and mortgages, wholly superfluous, and the decision of *378 this appeal ought not to be embarrassed by any consideration of that clause. The utmost that can be claimed for that covenant, is, as stated by Ch. J. Sedgwick, in MacKellar v. Rogers, supra, that it is “ a contract making the rents and profits a part of the security for the debt,” and equity will enforce that contract if necessary and important for plaintiff’s protection, but not otherwise. There is a distinction between a pledge of the rents find an agreement to charge them with the lien of the mortgage debt. A pledge is a bailment and requires delivery. In fact the covenant in this case was an agreement to pledge them through the instrumentality of a receiver. The reference in the various cases to specific pledges of the rents relate to cases where the rents are assigned,, or where the mortgagee is in possession. In such cases the rents are pledged. The courts have in no instance departed from observance of the equitable rule, and a distinct agreement making the rents part of the security for the mortgage debt creates but an equitable lien upon such rents, enforceable only when equity requires its enforcement. Hallenbeck v. Donnell, supra. When to enforce such lien the aid of the equity powers of the court is sought, it must appear not only that the mortgage has an interest in or lien upon the rents, but that the rents are likely to be lost, etc. Equity in such a case, is asked for an order for specific performance, and the application should be treated as analogous in principle with actions for specific performance. It must be necessary, must be really important to the plaintiff and not unnecessarily oppressive of the defendant. Beasl. Ch. 497; Adams Eq. 83 et seq.; 3 Barb. 50; 18 Ib. 350. Tested by these well-settled rules this application should have been denied: 1. A receiver is neither important nor necessary to the plaintiff whose remedy against the property is ample and fully adequate. The land itself is only involved as security for the debt, and being abundant security in addition to the shown responsibility of the bondsman, it is needless to resort to *379 the rents. Æquitas supervacua odit (Hoff. 282). 2. To enforce the contract for a receiver is to oppress the defendant. It is an unnecessary interference with his use of the income of the property to guard against the various liens on the mortgaged premises. It deprives him of • the very funds which may be the effectual means of relieving the present default.
There is a positive contract written in the mortgage, in which the mortgagor agreed that in case he failed to pay the money or perform the stated condition within the appointed time the conveyance should become absolute. Yet, in the face of a breach of that plain contract equity says that the real object of the contract is to secure the payment of the debt or performance of the condition, and although the debtor has consented and agreed in writing to be deprived of his right to the property, the mortgagee must be content with receiving his money and damages for the delay by way of interest. The bond in suit which contains the covenant for a receiver, sought to be enforced,* contains an express agreement that should any default be made in the payment of the interest on any day whereon such interest is made payable and remain unpaid for thirty days, that then, at the option of the mortgagee, the whole of said principal sum and all arrearages of interest thereon shall immediately become due although the period limited for the payment thereof may not have expired. Language can express no plainer contract, and yet before the statutes now existing, equity ignored such contracts, excused the default and overruled the mortgagee’s option by allowing the deferred interest to be paid together with costs, and discontinued the action for foreclosure founded upon such default. Recognizing this rule in equity, this state has provided the same relief by statute. R. S., 5th ed., § 91, p. 273; Code Civ. Proc., §§ 1634,1635. The covenant under present consideration by which the defendant James has agreed that a receiver may be appointed, has no greater force *380 or effect in equity than either of the covenants just referred to. No covenant can be written that will effectually close the eyes of court to the one main purpose of the whole contract of mortgage, which is to provide a security for the payment of the debt. Nor will the court impose any burden or penalty, however specifically provided for by the terms of the contract, that is not absolutely necessary to secure the real object of the mortgage, i. e., payment of the debt. The covenant in question was only designed and intended to secure the mortgage debt by resorting to the rents, if necessary; and if the slightest necessity exists to make the apjnopriatión of the rents here asked for, this court will, undoubtedly, so appropriate them through the instrumentality of a receivership. It would do so under the authority of the cases cited, if the covenant for a receiver was not in the bond and mortgage.at all. That covenant is wholly superfluous, and the court will not make the appointment simply because of that covenant and an arbitrary demand for its enforcement.
III. A receiver of the rent and profits in mortgage cases is never appointed where security is offered to account for such rents in case there shall be a deficiency. In this case such security was offered by the appellant on the hearing of the respondent’s application. Sea Ins. Co. v. Stebbins, 8 Paige 565 ; Thomas on Morts., 2d ed., § 886, and cases cited.
Eaton & Lewis, for respondent:
I. The plaintiff is entitled as a matter of absolute right to the appointment of a receiver. The receiver’s clauses in the bond and mortgage constitute an absolute contractual appropriation of the rents and profits to the security of the mortgage, (a) After the statute of 1828, which forbade a mortgagee to maintain ejectment, even after default, against a mortgagor, the courts continued to appoint receivers in foreclosure suits whenever the property was insufficient and the mortgagor insolvent. *381 This was in case of ordinary mortgages which contained no special pledge of rents and profits such as there is in our case. Howell v. Ripley, 10 Paige 43; Bank of Ogdensburgh v. Arnold 5 Ib. 38 ; Quincy v. Cheeseman, 4 Sandf. Ch. 405. The practice continued under the Code of 1848. The ground was thus stated by Raparlo, J., in Hollenbeck v. Donnell, infra: that where the security was inadequate and the mortgagor in default, the law would regard the foreclosure as at once taking place, equity regarding that as having been done which ought to have been done, and as the process of foreclosure required time, the law would put the mortgagee as far as possible in the position he would have' occupied, had the foreclosure at once taken place. This power was also derived under § 244 of the Code of 1848, which section, after providing for-certain specific cases when the court might appoint a receiver, further gave to the court the same power “ in such other cases as are now provided by law, or may be in accordance with existing practice,” etc. When the Code of Civil Procedure was enacted, § 713, it did not save these general provisions. It was for a time doubted whether receivers might longer be appointed in foreclosure suits. This was set finally at rest by the court of appeals. The provisions of § 713 were held to be not restrictive, but declaratory. The court was considered as retaining its general equity power. Hollenbeck v. Donnell, 94 N. Y. 342; Wyckhoff v. Scofield, 98 Ib. 475. These cases put receivership power in no sense in the light of discretion. Wherever the party made a proper case the court was bound to act, as in other cases of equity jurisdiction. (5) In our case the defendant Edward F. James has specifically contracted that in the event which has happened the plaintiff should be entitled to a receiver. Our right here is therefore absolute, not only as against him, but against all jiersons claiming under him. Our right rests on two grounds: (1) The specific enforcement of the contract. (2) On the ground that the mortgagor has *382 specifically pledged the rent in the event of default; as such pledgee, the plaintiff has an interest in the rents under the terms of Sub. 1, § 713, Code Civ. Proc. It appears that the possibility of pledging rents by bond and mortgage, specifically, was very early recognized. Bank of Ogdensburgh v. Arnold, 5 Paige Ch. 38, 41; Shotwell v. Smith, 3 Edw. Ch. 588; Jones on Mortgages, § 1516. (c) The whole question in this case is practically set at rest by a decision of the general term of this court. McKellar v. Rogers, 52 Super. Ct. 360. There was a receivership clause in the mortgage very nearly like our own. There was a valid answer sworn to and not met by affidavits. No insufficiency of the premises as security for the mortgage debt was shown or even suggested. The plaintiff was held, as a matter of right, to be entitled to a receiver. * The case establishes what we have indicated before to have been the law, viz.: That when there was in any manner specific pledge of the defendants, it was a matter of contract to appoint a receiver, and the courts would treat it as an absolute right. id) This argument also brings the case within the positive provision of the Code of Civil Procedure, § 713, subd. 1, which provides that a receiver may be appointed “ on application of a party who establishes an apparent right to or interest in the property,” etc., the “interest” here being the specific contractual lien upon the rents. Hollenbeck v. Donnell, 94 N. Y. 342, at p. 348.
II. It has been urged in the argument below that, inasmuch as the courts of equity originally regarded apparently absolute mortgages as merely pledges—as they in fact were—the court will so regard this provision here, in furtherance of justice. To this it may be answered that, leaving the question of further extending this doctrine entirely aside for the moment, the question here is one of carrying out, and not thwarting, the very intent of the parties. . Upon breach of the mortgage conditions the clause can no longer be effective. But the condition which we have in this case is an *383 effectual, and the only effectual, pledge of rents, as an additional security for the mortgage; as such, it is as effectual as any provision whatever in the bond and mortgage.
III. The order appealed from is supported by the strongest equities. Taxes to the amount of $5,500, and insurance, $3,000, are unpaid.
By the Court.—Dugro, J.
By this covenant, the mortgagor pledged the rents, issues and profits of the mortgaged premises.
It is well settled that the court may make a decree in foreclosure, when obtained, relate back to the time of the commencement of the action, and where necessary for the security of the mortgage debt (even where no pledge of the rents, etc., is constituted a security for the payment of the debt), appoint a receiver of the rents and profits accruing in the interval between the commencement of the action and final judgment.
It cannot therefore, with any justice, be claimed that, in cases where the parties have themselves agreed upon the time when the rents, issues and profits should become security for the debt, the court should treat as of no force and effect what is virtually a contract between the parties, unless a failure to so treat it would be unconscionable. As was stated in the case of McKellar v. Rogers, 52 Super. Ct. 362. “ The covenant means that the mortgagee shall have the benefit (of rents and profits) while the litigation is pending down to the only sufficient and competent mode of deciding the issues of an action.”
The order is affirmed, with $10 costs.
Sedgwick, Ch. J., concurred.